IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-01334-WYD

JEREMY PINSON,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

---

ORDER TO DISMISS IN PART AND FOR ANSWER IN PART

---

    Applicant Jeremy Pinson is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Pinson, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on June 8, 2011, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. On June 28, 2011, Respondent filed a Preliminary Response. Mr. Pinson filed a Reply on August 25, 2011.

    I must construe the Application and the Reply liberally because Mr. Pinson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I cannot act as an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated

below, the action will be dismissed in part and Respondent will be directed to address the merits of the remaining claims.

Mr. Pinson asserts that his due process rights were violated in four separate disciplinary proceedings. He contends that in Incident Report (IR) Nos. 1610661, 1655656, 1634068, and 1619674 he was not permitted to call witnesses, present documentary evidence, or receive the aid of a staff representative. Mr. Pinson further contends that there was no evidence to support the Disciplinary Hearing Officer's (DHO's) finding and the DHO was unfair and partial and did not provide him with a written statement of the findings and evidence. Mr. Pinson claims that, as a result of each disciplinary proceeding, good conduct time was withheld and he was denied privileges. He seeks expungement of the four incident reports and reversal of the sanctions and resulting classification.

Mr. Pinson asserts that he has exhausted his administrative remedies. Respondent agrees that Mr. Pinson has exhausted his challenges to IR No. 1655656, but he argues that Mr. Pinson has not exhausted his remedies with respect to the remaining incident reports.

First, I will address IR No. 1634068. Upon review of PACER (Public Access to Court Electronic Records), I have found that Mr. Pinson challenged the results of IR No. 1634068 in a previous § 2241 habeas action. *See Pinson v. Warden, FCC Coleman-USP-II*, No. 09-cv-00175-WTH-GRJ (M.D. Fla. Feb. 26, 2010). The District Court for the Middle District of Florida dismissed Case No. 09-cv-00175 on the merits and found that (1) there was some evidence to support the findings; (2) the record contradicted Mr. Pinson's contention that he was denied his right to call witnesses; and (3) Mr. Pinson

did not have a right to obtain the evidence relied upon by the DHO prior to the disciplinary hearing. *See id.* at Doc. No. 10. Although Mr. Pinson did not assert in Case No. 09-cv-00175-WTH-GRJ that the DHO was unfair and partial, the only stated reasons in this case that may be considered a basis for the DHO's alleged unfairness and partiality are that (1) the DHO denied Mr. Pinson his right to witnesses and to the evidence relied upon by the DHO prior to the disciplinary hearing; and (2) there was a lack of evidence to support the DHO's finding. These are the same claims he raised in Case No. 09-cv-00175.

Under 28 U.S.C. § 2244(a), a district court may dismiss a petition for writ of habeas corpus brought pursuant to § 2241 if it appears that a federal court has previously passed on the legality of the applicant's detention in a prior habeas application and no new claim is raised. *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995). I, therefore, will dismiss Mr. Pinson's right to witness claim, his documentary evidence claim, and his lack of evidence claim, as they pertain to IR No. 1634068.

As for Mr. Pinson's denial of staff representation claim, as it pertains to IR No. 1634068, "[a] prisoner does not have a right to have a staff representative assist him during the disciplinary process." *Jordan v. Wiley,* 2009 WL 1698509, *9 (D. Colo. June 17, 2009) (citing *Wolff,* 418 U.S. at 570)) *aff'd*, No. 09-1355 (10th Cir. Feb. 9, 2011) . "Instead, due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or 'the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.' " *Id.* (quoting *Wolff,* 418 U.S. at 570). Where there is no constitutional right to staff assistance, there can be no due process violation

based on inadequate staff assistance.  *See e.g. Duarte v. Turner,* 1995 WL 57187, *3 (7th Cir. Feb. 10, 1995).

Mr. Pinson does not assert that he is illiterate.  His litigious history, including the filing of nineteen § 2241 actions over the past two years, proves the contrary.  Mr. Pinson also is no stranger to the BOP disciplinary system.  Between July 2, 2007, and June 8, 2011, he was convicted of thirty-three infractions, which include an attempted killing, five assaults, three attempted assaults, three fire settings, six possessions of a weapon, an act of taking a hostage, a threat of bodily harm, two acts of destroying property, six less serious assaults, two attempted less serious assaults, two refusals to obey, and an act of insolence.  *See* Doc. No. 12-2.  Also the issues Mr. Pinson raises regarding IR No. 1634068 are not complex.

I, therefore, find that any claims asserted regarding IR No. 1634068 in this action either are an abuse of the writ or lack merit and are subject to dismissal.

I further find that Mr. Pinson's repeated challenge of the same claim borders on malicious prosecution.  "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."  *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam) (quoted in *Sieverding v. Colorado Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir. 2006)).  Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction."  *See Winslow v. Hunter (In re Winslow),* 17 F.3d 314, 315 (10th Cir. 1994) (per curiam)*; Tripati,* 878 F.2d at 352. "There is strong precedent establishing the inherent power of federal courts to regulate

the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow,* 17 F.3d at 315.

I may, in my discretion, place reasonable restrictions on any litigant who files nonmeritorious actions for obviously malicious purposes and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). Mr. Pinson is warned that future filings in this Court found to be malicious will subject him to filing restrictions in addition to any 28 U.S.C. § 1915(g) restrictions that currently apply to him.

Second, I will address whether Mr. Pinson has exhausted his administrative remedies in IR Nos. 1610661 and 1619674.

Mr. Pinson asserts that in IR No. 1610661 he filed a regional appeal on July 2, 2007, and a final appeal on September 29, 2007, but he did not receive a response to the final appeal. Mr. Pinson further contends in his Reply that Respondent disputes this argument without providing any details and relies on a declaration that is unsigned and undated and not filed in this case. Mr. Pinson also asserts that in IR No. 1655656 he filed a regional appeal on December 2, 2007, but did not receive a response to the appeal. He further states that he construed the nonresponse as a denial and filed a final appeal, which was not acknowledged or answered.

Respondent asserts, in a conclusory manner, relying on Exhibit A, Pages 9-13, that, "[b]ased on the records reviewed by the Bureau of Prisons," Mr. Pinson has failed to exhaust his administrative remedies in IR Nos. 1610661 and 1619674 and does not show special circumstances that would permit him to circumvent the review

requirements. *See* Preliminary Resp. at 3.

Upon review of the attachments to the Preliminary Response, I do not find an attachment identified as Exhibit A. Furthermore, after reviewing all exhibits to the Preliminary Response, I find nothing that clearly supports finding Mr. Pinson has failed to exhaust either IR No. 1610661 or IR No. 1619674.

The burden of proof for the exhaustion of administrative remedies lies with a defendant. *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). The Tenth Circuit in *Roberts* determined that although *Jones v. Bock*, 549 U.S. 199 (2007), did not "spell out the proper burden of proof to sue in evaluating exhaustion claims, . . . circuits . . . prior to *Jones* have all put the burden of proof on defendants . . . , *Roberts*, 484 F.3d at 1240-41 (citations omitted), and "these holdings comport with the common-law premise that the burden of proving all affirmative defenses rests on the defendant," *id.* at 1241 (citing *Patterson v. New York*, 432 U.S. 197, 202 (1977). The Tenth Circuit also found the *Jones'* reasoning helpful in *Kilgore* to determine that an applicant does not bear a heightened burden of pleading timeliness and respondent must raise untimeliness as an affirmative defense. *See Kilgore v. Attorney General of Colo.*, 519 F.3d 1084, 1089 (2008). Given the common law basis for a respondent's burden of proof when raising an affirmative defense and the Tenth Circuit's willingness to apply the *Jones'* reasoning to habeas actions, I find that Respondent bears the burden to prove Mr. Pinson has not exhausted his administrative remedies, which Respondent has failed to do. Respondent, therefore, will be directed to address the merits of Mr. Pinson's claims as they pertain to IR Nos. 1610661, 1655656, and 1619674. Accordingly, it is

ORDERED that the action is dismissed in part with prejudice because Mr. Pinson's claims regarding IR No. 1634068 either are an abuse of the writ or fail to state a claim.  It is

FURTHER ORDERED that Respondent shall file a return certifying the true cause of the detention of Mr. Pinson and show cause in writing on or before **Monday, November 7, 2011**, why the writ, as it pertains to the remaining claims challenging Incident Report Nos. 1610661, 1655656, and 1619674, should not be granted.  It is

FURTHER ORDERED that Mr. Pinson shall remain in custody and within the jurisdiction of this Court until further order.

Dated:  October 5, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge