IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-01334-WYD

JEREMY PINSON,

     Applicant,

v.

BLAKE DAVIS,

     Respondent.

## ORDER OF DISMISSAL

I.  BACKGROUND

Applicant Jeremy Pinson is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in Florence, Colorado.  The matter before me is Applicant's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Doc. No. 1, in which he challenges the results in four separate disciplinary proceedings.  He contends that in Incident Report (IR) Nos. 1610661, 1655656, 1634068, and 1619674 he was not permitted to call witnesses, present documentary evidence, or receive the aid of a staff representative.  Applicant further contends that there was no evidence to support the Disciplinary Hearing Officer's (DHO's) finding and the DHO was unfair and partial and did not provide him with a written statement of the findings and evidence.  Applicant claims that, as a result of each disciplinary proceeding, good conduct time was withheld and he was denied privileges.  He seeks expungement of the four incident reports and reversal of the

sanctions and resulting classification. Previously, I entered an order denying the claims challenging IR No. 1634068 either as an abuse of the writ or for failure to state a claim.

Respondent was directed to show cause why relief should not be granted regarding the remaining three disciplinary proceedings, which he did on November 14, 2011. Applicant filed a Reply on November 25, 2011. This matter now is ripe for decision.

II. ANALYSIS

   A. Standard of Review

In considering Applicant's filings, I am mindful of his *pro se* status, and accordingly, read his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se status does not relieve Applicant of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, I will treat Applicant according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993); *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).

   B. Reconsideration of Exhaustion in IR Nos. 1610661 and 1619674

Respondent asks that I reconsider my finding in the October 5, 2011 Order that Respondent failed to bear the burden of proof in asserting failure to exhaust administrative remedies with respect to IR Nos. 1610661 and 1619674. Respondent

asserts that inadvertently in the Preliminary Response filed on June 28, 2011, undersigned counsel failed to attach a declaration, which establishes Applicant did not exhaust his administrative remedies in IR Nos. 1610661 and 1619674. Respondent further asserts that the declaration is attached to the November 14, 2011 Response.

Respondent also contends that Applicant has filed this action four years subsequent to the time he received the incident reports in IR Nos. 1610661 and 1619674. Moreover, Respondent asserts that Applicant is a prisoner with a record of abusing the judicial process and should not be given a "free pass to litigate unexhausted, stale claims." See Resp., Doc. No. 25 at 8.

The declaration prepared by Theresa Montoya, see Resp. Ex. B, addresses Applicant's failure to exhaust his remedies in IR Nos. 1610661 and 1619674. Ms. Montoya attests that she has reviewed the BOP's SENTRY database, which tracks and maintains the administrative remedy request of federal inmates. Declaration, Doc. No. 25-2 at 4. She further asserts that as a result she has reconstructed Applicant's exhaustion efforts with respect to IR Nos. 1610661 and 1619674. In doing so, Ms. Montoya has determined that Applicant's appeals to the regional office in IR Nos. 1610661 and 1619674 were granted and the prison was ordered to hold a rehearing in each proceeding. Id. at 4-5. Applicant did appeal the regional office's decision for a rehearing, but did not appeal the results of the rehearing, where he was found guilty of a lesser charge. Id.

In the Order to File Preliminary Response, the Court instructed Respondent to address the affirmative defenses of timeliness and exhaustion of administrative

remedies. The Court also directed Respondent that if he does not intend to raise exhaustion as an affirmative defense he must notify the Court. Although Respondent did not argue an affirmative defense of timeliness, he did raise the issue of exhaustion, but he failed to meet his burden of proof of exhaustion. Respondent now claims inadvertent failure to provide Ms. Montoya's declaration in support of the exhaustion affirmative defense.

Based on *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996), addressing a claim "at some stage of federal proceedings," obligates the defendant to raise a procedural default as a defense or lose the right to assert the defense thereafter. The "best procedure is to plead an affirmative defense in an answer or amended answer." *See Ahmad v. Furlong*, 435 F.3d 1196, 1202 (10th Cir. 2006) (finding defendants were not necessarily barred from raising a qualified immunity defense in their motion for summary judgment). A waiver of the defense, however, should be based on whether the "defense was raised at a pragmatically sufficient time and the [applicant] was prejudiced in the ability to respond." *See Ahmad*, 435 F.3d at 1202 (citing *Pro v. Donatucci*, 81 F.3d 1283 n. 2 (3d Cir. 1996)). Furthermore, "[a]lthough failure to raise an affirmative defense under Rule 8(c) in a party's first responsive pleading generally results in a waiver, where the matter is raised in the trial court in a manner that does not result in unfair surprise technical failure to comply with Rule 8(c) is not fatal." *Id.* (citing *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491-92 (5th Cir. 2001)).

Respondent's exhaustion claim clearly was presented with supporting documentation in the Response, and Applicant had sufficient time to address the

affirmative defense in his Reply to the Response. Respondent, therefore, is not barred from raising the exhaustion affirmative defense in the Response with respect IR Nos. 1610661 and 1619674.

In the Declaration attached to the Reply, Applicant argues he is not required to exhaust his disciplinary hearings more than once. Reply at 5. Furthermore, he contends that the DHO did not hold a rehearing in either disciplinary proceeding but only rewrote the findings without providing a copy of the revised DHO reports to him. *Id.* at 5-6.

The BOP administrative remedy procedure is available to federal prisoners like Applicant. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13–542.15. The BOP administrative remedy procedure, however, provides that a DHO appeal is submitted initially to the Regional Director for the region where the inmate currently is located. *See* 28 U.S.C. § 542.14(d)(2).

The BOP administrative remedy program also provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b).

Applicant is required to follow the procedures set forth in 28 C.F.R. §§ 542.13–542.15 to exhaust his administrative remedies. Applicant may not exhaust his "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

Respondent has submitted a copy of the BOP's record for each of the formal administrative remedy complaints that Applicant has filed since June 6, 2007. *See* Resp., Doc. No. 25-3. I have reviewed this document thoroughly and do not find where Applicant has used the administrative remedy procedure to obtain copies of DHO reports for either of the rehearings.

Applicant's general claim that he asked for copies of the DHO report in each of the rehearings on more than one occasion from either the unit team does not justify a finding that the exhaustion procedures should be waived. Applicant has indicated conceded in another case before me that he is well acquainted with BOP policies, regulations, and procedures, including the administrative remedy process. *See Pinson v. Davis*, No. 11-cv-00608-WYD, Doc. No. 15 at 6 (D. Colo. Jan. 13, 2012). Just as I found in Case No. 11-cv-00608, Applicant does not assert in this case that he attempted to file an appeal, was denied the ability to appeal because he did not provide the DHO report on appeal, and then sought copies of the report for the incident report rehearings but was denied his request. *Id.* at Doc. No. 19, p. 5.

I further find Applicant's double exhaustion requirement argument lacks merit. If indeed Applicant believed he was not required to exhaust his administrative remedies

with respect to the rehearing he should have filed a habeas action at the time he exhausted his remedies in each original hearing. He did not.

Nonetheless, it is clear that at the rehearing Applicant was convicted of a less serious offense and reduced sanctions were imposed. Applicant's request for relief includes an expungement of the incident reports and sanctions. To address the expungement of the sanctions set forth in both IR. Nos. 1610661 and 1619674 Applicant must have exhausted the final results of the rehearing. He has not done so.

Applicant has failed to assert a valid reason for his delay in appealing the results of the rehearings. *See* 28 C.F.R. § 542.14(b) (valid reasons include extended period in-transit, physical incapability, and long informal resolution attempts, which are indicated by an inmate and verified by staff). Applicant, therefore, has failed to file an appeal of the rehearings in a timely manner and has procedurally defaulted the BOP administrative review of the rehearings.

A review in a federal habeas action is unavailable unless an applicant demonstrates cause and prejudice. *See Pelts v. True*, 132 (F.3d 43 (10th Cir. Dec. 17, 1997) (unpublished) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3rd Cir. 1996); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986); *cf. Wolff v. United States*, 737 F.2d 877, 880 (10th Cir. 1984) (good cause for not advancing a particular matter relied on in a federal collateral habeas corpus proceeding at trial and actual prejudice would justify federal habeas relief)). Given Applicant's propensity to file formal administrative remedy requests, it is not reasonable that Applicant continued to only ask his unit team and warden informally about the rehearing DHO reports for over three

7

years rather than seek a formal administrative remedy request for a copy of the reports. He, therefore, does not state a basis for finding cause why he did not timely appeal the results of each rehearing. The claims challenging IR. Nos. 1610661 and 1619674 will be dismissed as procedurally defaulted and barred from federal habeas review.

    C.  Due Process in a Disciplinary Proceeding

As a federal prisoner, Applicant has a constitutionally protected liberty interest in his earned, good conduct time. *See Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987). Therefore, he was entitled to due process at the disciplinary hearings in question. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See id.* at 563-66; *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). There also must be some evidence to support a disciplinary conviction. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of

witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *See Hill*, 472 U.S. at 455-56; *see also Mitchell*, 80 F.3d at 1445 (citing *Hill*). The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457).

Constitutionally adequate due process at a prison disciplinary hearing does not require that an applicant be informed of every detail of the charges against him so that he can prepare what in his opinion is the best defense. It only requires that the applicant be informed of the charges to enable him to marshal the facts and prepare a defense. *Wolff*, 418 U.S. at 564.

### D. Incident Report No. 1655656

Applicant asserts that he was denied witnesses, the aid of a staff representative, and the ability to present documentary evidence in IR No. 1655656. Application at 3. He further asserts there was no evidence to support the DHO finding and the DHO was unfair and partial. *Id.* Applicant also contends that the DHO failed to provide him with a written determination of the findings and evidence that he relied upon. *Id.*

Respondent asserts that

> Pinson received Incident Report 1655656 on October 15, 2007. Ex. D, Declaration of Carl Madake, ¶ 4. Pinson was charged with assault and received notice of the charge on October 16, 2007. *Id.* A disciplinary hearing was held on November 2, 2007. *Id.* Pinson did not request a staff representative, present witnesses, or present evidence. *Id.* The DHO (Melvin Dunlop) found that Pinson committed the lesser charge of Assaulting Any Person (Minor Assault). *Id.* He was sanctioned with a loss of 27 days of Good Conduct Time, 30 days Disciplinary Segregation and one year loss of privileges and recommended for a disciplinary transfer.

*Id.*

Pinson appealed the decision, but it was upheld by the Regional Office and Central Office. *Id.* at ¶ 5. Although Pinson claims he did not receive a copy of the DHO report, he does not allege (nor could he) that he was unable to exercise his administrative appeal rights, or bring this action [or] claim a violation of due process.

Resp., Doc. No. 25 at 6-7.

In his Reply, Applicant asserts that after receiving IR No. 1655656 he was placed naked in a cell on suicide watch. Reply at 7. He further asserts that his DHO hearing was held at his cell door without witnesses, staff representation, and documentary evidence. Reply at 7 and 15. He further contends that he has been diagnosed with schizophrenia and in need of long-term psychiatric treatment, which the BOP will not provide. Reply at 16.

I further note that IR No. 1655656, which Applicant does not deny that he received, states as follows:

> On October 15, 2007 at approximately 6:49 PM while attempting to allow staff entry on C-2 range. [sic] I was summoned to cell 258 by a [sic] inmate calling for assistance. When I looked through the observation window this officer observed inmate Pinson, Jeremy Reg. No. 16267-064 with a homemade weapon striking inmate Zubia, Eleuterio, Reg. No. 15593-080 about his head and facial area. Inmate Zubia was lying on the floor of the cell with a large amount of blood pooling around his head. Inmate Zubia's hands were tied from the back with a white piece of cloth restricting his movement. Inmate Pinson was given a direct order to lay on the floor which he complied. He was subdued by staff and placed in hand restraints. Inmate Pinson was immediately escorted to and placed in a [sic] outside recreation cell for staff safety and security of the unit.

Resp., Doc. No. 25-20 at 4.

Applicant's claims regarding IR No. 1655656 will be dismissed for the following

reasons.

                1. Denial of Witnesses

First, I note that although Applicant fails to assert in the Application or the Reply the basis for IR No. 1655656, or to deny he committed the offense, in his administrative remedy appeal, which is attached to the Response, Doc. No. 25-21 at 1, he states that the "cut on Zubia was consensual in Zubia's conspiracy to file a tort claim," and the "assault was staged."

Applicant's denial of witness claim is conclusory and vague. He does not provide specific information on what any witness would have stated at the hearing. *See Chesson v. Jaquez*, 986 F.2d 363, 366 (10th Cir. 1993) (no due process violation found when plaintiff failed to show how a testimony from a witness he was not allowed to call would have affected the outcome of his case). Although prison officials must consider an inmate's request to call a witness on an individual basis, errors in denying witness testimony are subject to a harmless error review. *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 813 (10th Cir. 2007) (citations omitted).

Based on the above findings, the error is at best a harmless error. Even if Applicant was referring to a statement by inmate Zubia in the administrative remedy appeal, and was inferring that Zubia should have been called as a witness, it is highly unlikely that inmate Zubia would incriminate himself by conceding he participated in a staged attack. Furthermore, nothing Applicant states in his Application or Reply provides sufficient basis for finding that the outcome of the disciplinary proceeding would have been different if a statement by inmate Zubia would have been considered

by the DHO.  The fact remains that Applicant attacked Zubia, whether the attack was staged or not.  I find no violation of Applicant's due process by the alleged denial to call witnesses.

          2.  Inability to Present Documentary Evidence

Applicant fails to assert what documentary evidence he was denied from presenting.  If Applicant is asserting that the documentary evidence would have been a statement by Zubia for the reasons stated in Section No. 1 the claim lacks merit.  I find no violation of Applicant's due process by the alleged inability to present documentary evidence.

          3.  Lack of Evidence.

Applicant's lack of evidence claim also is without merit.  I find no reason to doubt the DHO findings.  Nothing Applicant asserts supports a finding that the reporting officer stood to gain anything by submitting untruthful statements.  The reporting officer's statements, that he saw Applicant strike Zubia with a homemade weapon while his hands were tied and he was laying in a pool of blood on the floor in Applicant and Zubia's cell, amount to direct evidence and easily satisfy the some evidence requirement under *Wolff*.  *See Mitchell v. Howard*, 419 F. App'x 810, 816 (10th Cir. 2011).

          4.  Denial of Staff Representation and DHO Report

First,  "[a] prisoner does not have a general constitutional right to have a staff representative assist him during the disciplinary process." *Jordan v. Wiley,* 2009 WL 1698509, *9 (D. Colo. June 17, 2009) (citing *Wolff,* 418 U.S. at 570)), *aff'd*, 411 F. App'x

201 (10th Cir. 2011) . "Instead, due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or 'the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.' " *Id.* (quoting *Wolff,* 418 U.S. at 570). Where there is no constitutional right to staff assistance, there can be no due process violation based on inadequate staff assistance. *See, e.g., Duarte v. Turner,* No. 93-2427, 46 F.3d 1133, *3 (7th Cir. Feb. 10, 1995) (unpublished) (citing *Wolff*, 418 U.S. at 570).

There is no indication that the issues involving IR No. 1655656 were complex or that Applicant is illiterate. Nonetheless, Applicant failed to assert in his administrative remedy appeal that he was denied staff representation or a DHO report. *See* Resp., Doc. No. 25-21 at 1. His claims, therefore, will be dismissed as either lacking merit or unexhausted or both.

### 5. Competency Evaluation

Applicant's competency claims are belied by the DHO report. In the DHO report, it is noted that Psychologist J. Zonno provided a memorandum, dated October 19, 2007, that Applicant was responsible for his actions at the time of the incident and he was competent to participate in the discipline process. *See* Resp., Doc. No. 25-20 at 2. Applicant does not deny the psychologist's findings. Furthermore, the DHO stated in the report that Applicant was offered the option to postpone the hearing so he may marshal a defense, but he opted to proceed with the hearing. *Id.* Again, Applicant does not deny this happened. To the extent he claims witnesses would have testified about

his mental illness, he fails to provide specific information on what any witness would have stated at the hearing or on his behalf. Applicant's competency claim lacks merit and will be denied.

      6. Conclusion

Based on the above findings, Applicant fails to assert a violation of his due process rights in the IR No. 1655656 disciplinary hearing.

III. CONCLUSION

For the foregoing reasons, the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DENIED** and the action is **DISMISSED** with prejudice.

FURTHERMORE, leave to proceed *in forma pauperis* on appeal is **DENIED**. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated: April 25, 2012.

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        WILEY Y. DANIEL,
                                        CHIEF UNITED STATES DISTRICT JUDGE